**FILED**

**OCT 23 2019**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

In the United States District Court
Western District of Texas
Waco Division

| | | |
|---|---|---|
| JENNIFER PASSMORE, | * | |
| | * | |
| *Plaintiff*, | * | |
| | * | |
| v. | * | Civil Action No. **W19CA629** |
| | * | |
| CITY OF HEARNE | * | |
| HEARNE POLICE DEPARTMENT | * | |
| | * | |
| *Defendant(s)*. | * | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

### INTRODUCTION

1. Mrs. Jennifer Passmore was an employee of defendant for 5 years. She was a police officer for the City of Hearne. Beginning approximately late 2013 to early January 2014 and continuing, she had been sexually harassed by Sergeant Stephen Yohner, Supervisor. Harassment includes unwelcome sexual advances, unsolicited text messages along with a photo of Sergeant Yohner's private parts. Also, she had been subjected to sexual comments about her breasts from the Chief of Police, Thomas Williams. She is aware that Sergeant Yohner sexually harassed other women in the department.
Beginning approximately April 28, 2017 and continuing, she had been retaliated against in that the confidential letter she sent to Mr. John Naron, Interim City Manager, reporting the harassment, was publicly circulated by Sergeant Yohner for over 3 weeks gaining sympathy from fellow Police Officers and dispatchers. Also, her personal property was stolen and/or damaged at her workstation and she found trash (empty food wrappers and soda cans) dumped on her desk. She is a canine police officer and after she began complaining of sexual harassment, there was a request to have her canine taken away. Additionally, she felt her job was threatened by upper management. In furtherance of the continuing action, she was terminated on October 24, 2017.
Plaintiff has not attempted to list every act of detail in this complaint. She believes she was sexually harassed, in violation of Title VII of the Civil Rights Act of 1964, as amended. Further, she has been a victim of a hostile work environments in violation of Title VII of the Civil Rights Act of 1964 as well. There is a pattern and practice of sexual harassment by Sergeant Yohner for which the City of Hearne Police Department has long been aware of but has failed to take prompt remedial action. In fact, the culture perpetuated sexual harassment within the

department. She also believes she has been retaliated against in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended.

Plaintiff's federal cause of action arises under Title VII of the Civil Rights Act 1964 (29 U.S.C. 621, *et seq.*). Defendant's conduct also violated the Texas Statute known as Chapter 21 of the Texas Labor Code. Defendant was also negligent in hiring Sergeant Yohner and creating an employment environment that allowed its employee to be the target of sexual harassment. Plaintiff seeks (prospective injunctive relief of reinstatement to her former position as well as back pay, compensatory damages, liquidated damages, front pay (if reinstatement is not deemed feasible), costs of court, pre- and post-judgment interest, and expenses.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to, *inter alia*, 28 U.S.C. 1331. Under 28 U.S.C. 1367, this Court has supplemental jurisdiction over plaintiff's claim arising under Chapter 21 of the Texas Labor Code.

3. The events out of which this suit arises occurred in Robertson County, Texas, and venue is proper in this Court pursuant to 28 U.S.C. 1391.

## PARTIES

4. Plaintiff Jennifer Passmore is an individual Texas resident who was employed by Defendant, City of Hearne.

5. Defendant City of Hearne (City) is governmental entity (political subdivision) of the state of Texas and located in Robertson County, Texas, where plaintiff worked for defendant.

## FACTS

6. *Protected Status/Qualifications/Adverse Employment Action*: Before being fired October 24, 2017, Plaintiff Jennifer Passmore was an employee of defendant for approximately 5 years. Plaintiff was the K9 Officer for the City's Police Department. While working for the Police Department, Plaintiff was under direct supervision of Sergeant Yohner. During her employment, Plaintiff was subjected to sexual harassment by her supervisor through unwanted physical contact and unsolicited communications. Suggestion by attitude that she go along with it or face consequences either by the loss of her job or removal of K9.

7. Plaintiff was subjected to sexual harassment. Constant sexual innuendos including text messages and/or phone calls Yohner initiated, vulgar photos of Yohner having sex with his girlfriend and photos of himself with and without clothes.

8. Plaintiff was retaliated against for reporting sexual harassment by Sergeant Yohner. Her complaint letter (along with 3 other complaint letters) addressed to Interim City Manager John Naron were circulated by Yohner gaining support by staff members. Upper management

(Sergeant Witzel) referred to Plaintiff as Old and/or Fragile and that she should quit. Sergeant Witzel requested her K9 be removed and she be terminated. Also, Sergeant Witzel wrote her up for the first time in 5 years. While still employed and with no notice, Chief Williams dropped my F5 Commission and backdated it 6 months.

9. Defendant was negligent in hiring Sergeant Yohner. Chief Thomas Williams admitted knowing Yohner had previous issues regarding sexual harassment allegations at the Navasota Police Department from which Yohner was terminated, yet Chief Williams gave Yohner an unchecked supervisory position. Also, while employed by the City of Hearne, Chief Williams was advised multiple times by Interim City Manager John Naron that citizens were complaining about Yohner's conduct while on duty in his marked Hearne Police unit.

### FIRST CAUSE OF ACTION: TITLE VII.

10. Defendant knew of the sexual harassment by Sergeant Yohner. Defendant retaliated against Plaintiff. After reassuring words from Interim City Manager John Naron that Plaintiff had nothing to worry about and would not lose her job after reporting the sexual harassment and sustaining an on the job injury, he forwarded a letter giving her the ultimatum to return to work by October 24, 2017 or be terminated despite pending workers compensation surgery for the on the job assault resulting in a fractured pelvis.

11. As a result of Defendant's illegal acts, Plaintiff has suffered damages under both Texas and Federal law.

### SECOND CAUSE OF ACTION: CHAPTER 21, TEXAS LABOR CODE

12. Plaintiff was subjected to sexual harassment and the City response, including but not limited to her termination, violated Chapter 21 of the Texas Labor Code.

### THIRD CAUSE OF ACTION: NEGLIGENCE

13. Defendant was negligent in hiring Yohner and created an environment ripe for sexual harassment.

Duty: Defendant had a duty to create a safe work environment. Chief Williams knowingly hired Yohner with past complaints of sexual harassment, yet he failed to supervise him. Instead Chief Williams allowed Yohner to run the department unchecked. Additionally, Chief Williams was complacent in allowing sexual harassment in his department often participating himself in the sexual banter of nasty jokes and crude comments. Furthermore, Chief Williams ignored warnings from Interim City Manager John Naron about Yohner's behavior with citizen's while on duty.

Breach of Duty: By hiring Yohner, the City of Hearne created an unsafe work environment that resulted in Plaintiff being subjected to sexual harassment. When the Plaintiff reported the sexual

harassment, she was retaliated against further. The City further failed to maintain supervision of the Police Department.

Causation: If the City of Hearne had carefully evaluated Yohner's employment history, it would have found his past treatment of women. However, the City of Hearne failed to investigate Yohner's employment history and failed to protect its employees. The City of Hearne further caused Plaintiff to suffer retaliation within the Police Department by failing to maintain her complaint in confidence and properly investigate her complaint.

Proximate Cause: The City of Hearne negligence was the proximate cause of the sexual harassment, and but for the City's negligence in hiring and supervising the Police Department, the sexual harassment and retaliation would not have occurred.

Damages: Plaintiff has suffered emotional and psychological distress.

## JURY TRIAL

14. Plaintiff requests and demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, plaintiff respectfully requests that Defendant be cited to appear and answer herein, and upon hearing, that the Court award Plaintiff the following relief:

   A. Enter a permanent injunction requiring Defendant to reinstate Plaintiff to her former position with all benefits and emoluments of her position that she would have received if Defendant's discrimination had not occurred and prohibited any future acts of retaliation, discrimination, or harassment, and also making Plaintiff whole, as if Defendant's illegal acts of discrimination had not occurred.

   B. Order Defendant to pay Plaintiff back pay as a result of Defendant's discrimination.

   C. Order Defendant to pay Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and/or other nonpecuniary losses as a result of defendant's discrimination, as well as liquidated damages under the Age Discrimination in Employment Act and Federal law.

   D. Order Defendant to pay Plaintiff's reasonable attorney fees and costs;

   E. Order Defendant to pay pre-judgment interest on all amounts for which pre-judgment interest is legally allowable, at the highest lawful rate;

    F.  Order Defendant to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against Defendant; and

    G.  Order such other relief, whether legal or equitable, to which Plaintiff is entitled.
        i.  Medical costs for counseling;
        ii.  Medical costs for COBRA insurance; and
        iii.  Reasonable monetary damages allowed by E.E.O.C.
            (to be made payable to ASPCA Humane Society)

Respectfully submitted,

*[signature]*

Jennifer Passmore, Pro Se
8672 Jackrabbit Lane
Bryan, Texas 77808
979-204-9702